Argued and submitted March 29, affirmed July 21, 1982

# STATE OF OREGON,
*Respondent,*

*v.*

# ROY DOUGLAS LUTTRELL,
*Appellant.*

(No. C 81-02-31168, CA 22469)

648 P2d 383

Deane Sterndale Bennett, Portland, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Defendant was convicted, on stipulated facts, of unlawful possession of a controlled substance. ORS 475.992.[1] He appeals the admission of evidence seized pursuant to a search warrant, contending that the affidavit upon which the circuit court relied in finding probable cause to issue the warrant did not establish the reliability of the police informant as required by *State v. Carlile*, 290 Or 161, 619 P2d 1280 (1980).

The affidavit sets out all the facts needed for resolution of this appeal. It states, in relevant part:

"II

"At approximately 2030 hours on 2/18/81 affiant was at 13452 SE Ramona in the County of Multnomah, State of Oregon in an undercover capacity. Affiant was there under prearranged agreement to purchase one ounce of cocaine from Jace Craun, male white, 12/24/58, 13452 SE Ramona. Craun, under the agreement would drive to his source's residence, obtain a quarter ounce sample from the source's ounce and bring it back to affiant. Upon affiant's acceptance of this sample, affiant would give Craun the $2300 and Craun would return to his source's residence and pick up the ounce of cocaine. Craun would then bring the ounce of cocaine back to Craun's residence and give it to affiant.

"III

"Craun, according to the prearranged plan, left to go to his source's residence for the sample. An attempt was made to surveille Craun to his source's residence but assisting deputies lost contact. Approximately 15 minutes after leaving, Craun returned to his residence, Craun produced a quarter ounce [sic] of cocaine, contained in a plastic bag and handed it to affiant. Craun said he had obtained the sample from out of the full ounce at his source's house. *Craun identified his source only as Roy.* Craun once more said the price for the ounce was $2300. Affiant tested the cocaine and the field test was positive.

---

[1] The indictment charged defendant with violation of ORS 475.992 in two counts: count one alleged possession of cocaine, count two possession of marijuana. Defendant was found guilty of both counts, but sentence was imposed on count two only, and count one was dismissed on the state's motion.

"IV

"Upon affiant's prearranged signal, assisting deputies entered Craun's residence and arrested Craun for possession of a scheduled II controlled substance. Craun was explained his Miranda warnings and he said he understood them. Craun said he would talk to deputies. Craun said the ounce he saw at Roy [sic], his source's house, was in a baggie larger than a sandwich bag. Craun lead [sic] deputies to 12509 SE Schiller where his source lived. *Craun described Roy as being a white male, 30 to 35 years old, 5' 11", thin build, black hair and a beard.*

"\* \* \* \* \*

"IX

"Affiant, based on the following information, feels that there is probable cause to believe that cocaine, evidence of the crime of Possession of a Controlled Substance Scheduled II is contained on the person of John Doe Roy Earl Luttrell, DOB: 11/15/48 and in the residence located at 12509 SE Schiller in the County of Multnomah, State of Oregon.

"1. Craun agreed to sell affiant one ounce of cocaine.

"2. Craun stated he was going to get the cocaine from his source.

"3. Craun left his residence, to go to his source's house and returned approximately 15 minutes later.

"4. Craun, upon returning to his residence, produced a quarter gram of a white substance which Craun said was cocaine. Affiant, upon testing the substance, got a positive result. Affiant believes that the substance Craun gave him was cocaine.

"5. Craun said he took the sample of cocaine from the full ounce at his source's house. Craun said the source's name was Roy. Craun showed deputies that Roy lived at 12509 SE Schiller. Craun described Roy as a white male, 30 to 35, 5' 11", black hair, and a beard. *Craun said Roy's phone number was 760-5310. Pacific Northwest Bell shows Roy Luttrell as the subscriber at 12509 SE Schiller. CRISS check listed Roy Earl Luttrell as a white male, DOB: 11/15/48, 5' 10", 155 pounds, brown hair, and blue eyes.*

"\* \* \* \* \*" (Emphasis added.)

In *State v. Carlile, supra,* the Supreme Court set out a two-part test for the legal sufficiency of an affidavit

based on facts supplied by a police informant: (1) Does the affiant set forth the informant's "basis of knowledge"? (2) Does the affiant set forth facts showing the informant's veracity by indicating either (a) that the informant is credible or (b) that his information is reliable? 290 Or at 164. The actual dispute here, as in *Carlile,* focuses on part (2)(b) of the test, i.e., whether the facts stated in the affidavit indicate that the informant's information (that he obtained the cocaine in his possession at defendant's residence) is sufficiently reliable to support a search warrant.

In *Carlile,* the court dealt with two affidavits, involving different informants, and held one sufficient and the other insufficient. With respect to the first affidavit, the court stated that four factors were sufficiently indicative of the informant's reliability to justify the warrant: (1) the informant was named; (2) she admitted criminal activity; (3) she possessed the drug she allegedly had obtained from the defendant; and (4) her information was partially corroborated by the police having observed her visit the defendant's residence shortly before she was arrested. 290 Or at 167. With respect to the second affidavit, however, the court held that there were insufficient facts to indicate reliability because, although the first three factors were present, there was no corroborating evidence. 290 Or at 168. Thus, a mere assertion, in an affidavit, by a named, admitted criminal that a particular residence contains contraband will not support a search warrant. *See State v. Hasselback,* 55 Or App 281, 637 P2d 1316 (1981), *rev den* 292 Or 825 (1982), in which we held that similar information as to the source of contraband from two independent, named informants satisfied the reliability requirement of *Carlile.*

Here, as in *Carlile,* the informant was named in the affidavit; he admitted criminal activity; and he was in possession of the drug which was the object of the search. It boils down to a question of whether there is sufficient corroboration. The informant identified the supplier of the cocaine as "Roy" before his own arrest. After being arrested, he took police to the residence where he said he had obtained the cocaine from "Roy," and he gave them Roy's phone number and description. The police confirmed that a person named Roy lived at that address. They also ascertained that defendant's age was what the informant

represented his supplier's to be and that defendant was of similar physical description as that given by the informant.

The fact that the informant identified his source as "Roy" at a time when he thought he was talking to a fellow drug user or dealer and did not know or suspect that he was talking to a police officer enhances the reliability of the information in this affidavit above a mere assertion. We think it unlikely that the informant (1) simply dreamed up the name "Roy" for that conversation and then, after being arrested, decided to identify falsely defendant's residence as a source of the drug, or (2) truthfully identified his source as "Roy" when talking to someone he thought to be a fellow drug user or dealer, but decided after being arrested to substitute another person named Roy in order to send police to the wrong residence, or (3) untruthfully identified defendant or his source in conversation with a person he believed to be a fellow criminal.

We hold that the affidavit is sufficient for the finding of probable cause to issue a search warrant for defendant's residence.

Affirmed.